**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FAIRPORT BAPTIST HOMES, *et al.*[1] | ) | Case No. 22-20220 (PRW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

_____

### NOTICE OF EXPEDITED MOTION FOR ENTRY OF AN ORDER GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE AVOIDANCE CLAIMS ON BEHALF OF THE DEBTORS

**PLEASE TAKE NOTICE** that a hearing to consider the *Expedited Motion for Entry of an Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Avoidance Claims on Behalf of the Debtors* (the "Motion") will be held before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of New York, United States Courthouse, 100 State Street, Rochester, New York 14614 on the **25th day of April, 2024 at 9:00 a.m.**, or as soon thereafter as counsel may be heard, for an Order granting relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that all affidavits and memoranda in opposition to the relief requested, if any, shall be in writing and  must be served and filed electronically in CM/ECF and served upon the undersigned counsel for the Committee not less than 72 hours prior to the scheduled date and time for the hearing on the Motion.

---

[1] The last four digits of Fairport Baptist Homes' federal taxpayer identification number are 1870. *See* 11 U.S.C. § 342(c)(1). The last four digits of Fairport Baptist Homes Adult Care Facility, Inc.'s federal taxpayer identification number are 5832. *See id.* The last four digits of FBH Community Ministries' federal taxpayer identification number are 5743. *See id.* The last four digits of FBH Distinctive Living Communities, Inc.'s federal taxpayer identification number are 0959. The principal place of business for the Debtors is 4646 Nine Mile Point Road, Fairport, New York 14450, and the Debtors' mailing address is 4646 Nine Mile Point Road, Fairport NY, 14450.

1

Date: April 19, 2024

*/s/ Lauren M. Macksoud*
Lauren M. Macksoud (*pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
(212) 768-5347
lauren.macksoud@dentons.com

2

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FAIRPORT BAPTIST HOMES, *et. al.*[2] | ) | Case No. 22-20220 (PRW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER GRANTING**
**DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO PURSUE AVOIDANCE CLAIMS ON BEHALF OF THE DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") of Fairport Baptist Homes, Fairport Baptist Homes Adult Care Facility, Inc., FBH Community Ministries, and FBH Distinctive Living Communities, Inc. (collectively, the "Debtors"), hereby submits this motion (the "Motion") seeking an order granting the Committee derivative standing to commence, prosecute, and resolve certain claims and causes of action on behalf of the Debtors. The Debtors consent to entry of an order granting the relief sought by this Motion. In further support of this Motion, the Committee states as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 105(a), 1103 and

---

[2] The last four digits of Fairport Baptist Homes' federal taxpayer identification number are 1870. *See* 11 U.S.C. § 342(c)(1). The last four digits of Fairport Baptist Homes Adult Care Facility, Inc.'s federal taxpayer identification number are 5832. *See id.* The last four digits of FBH Community Ministries' federal taxpayer identification number are 5743. *See id.* The last four digits of FBH Distinctive Living Communities, Inc.'s federal taxpayer identification number are 0959. The principal place of business for the Debtors is 4646 Nine Mile Point Road, Fairport, New York 14450, and the Debtors' mailing address is 4646 Nine Mile Point Road, Fairport NY, 14450.

23723551.v1
Case 2-22-20220-PRW, Doc 694, Filed 04/19/24, Entered 04/19/24 12:37:05,
Description: Main Document , Page 3 of 10

1109 of the Bankruptcy Code.

**BACKGROUND**

4.      On May 6, 2022 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York (the "Court").  No trustee or examiner has been appointed.  These cases are being jointly administered for procedural purposes only under Case No. 22-20220 (PRW).

5.      On June 2, 2022, the U.S. Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

6.      On June 3, 2022, the Court entered an order directing the U.S. Trustee to appoint a patient care ombudsman (the "Ombudsman") pursuant to section 333 of the Bankruptcy Code. The U.S. Trustee appointed Eric M. Huebscher to serve as Ombudsman in these cases.

7.      Prior to and following the Petition Date, the Debtors (i) operated a 142-bed nursing facility, (ii) operated a 42-bed adult home which includes 11 assisted living program beds and an associated limited license LHCSA, (iii) provided community-based services such as case management, housing services, and transportation services, and (iv) operated a 41-unit independent living community (such facilities and programs referred to collectively as the "Facilities").

8.      On October 17, 2022, the Court entered an order [D.E. 290] (the "Sale Order") approving of the sale (the "Sale") of substantially all of the Debtors' assets to buyer 4646 Nine Mile Point Road LLC (the "Buyer").  Among the assets to be acquired by the Buyer through the Sale are the Facilities and all licenses and permits (the "Permits") necessary to operate the Facilities.  Sale Order, Exh. B, Art. I, § 1.1; Art. II, § 2.1(e).

4

9.      Pursuant to the Sale Order, a condition precedent to the closing of the Sale is the receipt of approvals from relevant governmental authorities necessary for the Buyer to operate the Facilities, including approvals from the New York State Department of Health ("NYSDOH"). Sale Order, Exh. B, Art. VII, § 7.2; Art. IX, § 9.2.

10.     The Committee understands that on November 16, 2023, The Public Health and Health Planning Council Committee ("PHHPC") of the NYSDOH conditionally approved the sale provided that certain contingencies were satisfied.  The Committee further understands that the all documentation satisfying such contingencies has been submitted, and that the Debtors and Buyer are awaiting final approval from the PHHPC in order to close on the Sale.

11.     Due to the lengthy delay since approval of the Sale, the Debtors have yet to seek approval of a plan to disburse proceeds of the Sale.  Further, the Debtors estates have suffered from persistent cash and liquidity constraints that have forced the Debtors to seek multiple rounds of post-petition financing.

12.     Based on the Petition Date, the applicable deadline to commence avoidance actions pursuant to section 546(a) of the Bankruptcy Code is May 6, 2024 (the "Avoidance Deadline").

**RELIEF REQUESTED**

13.     In light of the foregoing, the Committee requests that the Court enter an order granting the Committee derivative standing to bring certain causes of action on behalf of the Debtors.  In particular, the Committee seeks standing to commence, prosecute, and resolve claims for the avoidance of transfers made by the Debtors, whether under relevant sections of chapter 5 of the Bankruptcy Code or applicable non-bankruptcy law  (the "Avoidance Claims").  Such transfers are set forth in Statements of Financial Affairs filed by each respective Debtor, and the Committee may conduct additional investigations to discover additional Avoidance Claims.

5

14. The Debtors consent to the relief sought herein by the Committee, and the Committee intends to collaborate closely with the Debtors in the prosecution of the Avoidance Claims. However, the relief sought by this Motion is necessary to ensure that any valuable Avoidance Claims are not forfeited before the Avoidance Deadline. The Committee's constituents are likely to be the primary beneficiaries of Avoidance Claims, and failure to bring Avoidance Claims prior to the Avoidance Deadline will have a detrimental impact on recovery to creditors in these cases.

## BASIS FOR RELIEF

15. Bankruptcy courts routinely recognize that an official committee of unsecured creditors may be empowered to bring claims and causes of action on behalf of a Debtor's estate in appropriate circumstances. The Bankruptcy Code authorizes the establishment of an official committee of unsecured creditors and empowers that committee to protect the rights of all unsecured creditors. See 11 U.S.C. § 1103(c). Likewise, the Bankruptcy Code provides that a committee "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

16. In accordance with these duties, the Second Circuit has recognized that the Bankruptcy Code implies "a qualified right for creditors' committees to sue on behalf of an estate with bankruptcy court approval." *In re Adelphia Commc'ns Corp.*, 330 B.R. 364, 373 (S.D.N.Y. 2005) (citing *Unsecured Creditors Comm. of STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d 901, 904 (2d Cir. 1985)).

17. In order to obtain bankruptcy court approval, a creditor's committee must satisfy one of the following standards: *first*, where a debtor in possession refuses to pursue a claim, a committee may be granted derivative standing by demonstrating that a debtor in possession

6

"unjustifiably" declined to bring the claim. *STN Enters.*, 779 F.2d 901, 904–05; *second*, a committee may be granted standing to pursue estate claims if "(1) the committee has the consent of the debtor in possession or trustee, and (2) the court finds that suit by the committee is (a) in the best interest of the bankruptcy estate, and (b) is 'necessary and beneficial' to the fair and efficient resolution of the bankruptcy proceedings." *Commodore Int'l Ltd.*, 262 F.3d 96, 100 (2d Cir. 2001) (quoting *In re Spaulding Composites Co.*, 207 B.R. 899, 904 (9th Cir. B.A.P. 1997)). Where a debtor consents to an action being brought by a committee, obtaining approval by the bankruptcy court is considered "less stringent" than where a debtor objects. 7 Collier on Bankruptcy P 1103.05 (16th 2024). If a committee obtains derivative standing, then such standing is "concurrent" to the debtor's standing to pursue estate causes of action. *In re Great Atlantic & Pac. Tea Co., Inc.*, 615 B.R. 717, 720 (S.D.N.Y. 2020) (citing *Commodore Int'l Ltd.*, 262 F.3d at 97–98); *see also In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 71 (2d Cir. 2002) (recognizing that grant of derivative standing permits "joint prosecution" of estate claims).

18.     In this case, the Debtors have given their consent to the Committee to obtain standing to commence, prosecute, and resolve Avoidance Claims on behalf of the estate. Accordingly, pursuant to the Second Circuit's precedent set by *Commodore Int'l Ltd.*, the Committee should be granted derivative standing to bring Avoidance Claims if it would be in the best interest of the bankruptcy estate, and is necessary and beneficial to the fair and efficient resolution of these cases. The Committee submits that ensuring that the Avoidance Claims are not forfeited is in the best interest of the bankruptcy estate, and that it is necessary and beneficial to an equitable distribution to creditors in these cases for Avoidance Claims to be pursued before the Avoidance Deadline.

19.     These bankruptcy cases have been significantly hindered by a protracted regulatory

approval process, which has prevented closing of the Sale and a final resolution of the cases. Indeed, the Debtor and Committee reasonably anticipated the Sale to close some time ago, which would have permitted proposal and confirmation of a liquidating plan during the last several months. In all likelihood, based on the parties' discussions and the typical resolution of similar cases, under a confirmed plan the Avoidance Claims would have been assigned to and pursued by a liquidating trust. Thus, until recently, the parties did not anticipate that the looming Avoidance Deadline would require Avoidance Claims to be brought prior to confirmation of a liquidating plan.

20. Based on this state of affairs, in addition to the fact that the Debtors' estates have been cash-strapped for a lengthy period of time, the Committee recently requested the Debtors' consent to bring Avoidance Claims on a derivative basis. The Committee's constituents – unsecured creditors, who are mainly retirees and former employees of the Debtors – are likely to be the beneficiaries of additional funds that are brought into the Debtors' estates through pursuit of the Avoidance Claims. Thus, it is in the best interest of the bankruptcy estates for the Committee to bring Avoidance Claims. Likewise, it is necessary and beneficial to a fair and equitable resolution of these cases for the Committee to pursue the Avoidance Claims, rather than for the claims to be forfeited if the Avoidance Deadline passes before they may be brought. Although the Committee intends to work closely with the Debtors in its pursuit of any Avoidance Claims (including the possibility that the Committee and its professionals may assist the Debtors in initiating certain claims in its name), granting the Committee derivative standing and permitting the Committee to pursue Avoidance Claims will help to ensure that valuable Avoidance Claims are not lost to the estates.

23723551.v1

## NOTICE OF THIS MOTION

21. Contemporaneously with the filing of this Motion, the Committee will provide notice of this Motion to: (a) the Debtors; (b) the Office of the U.S. Trustee for the Western District of New York; and (c) parties who have filed a notice of appearance in the Bankruptcy Cases.

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the Committee derivative standing to commence, prosecute, and resolve Avoidance Claims on behalf of the Debtors, and granting such other and further relief as the Court deems just and appropriate.

Date: April 19, 2024

/s/ Lauren M. Macksoud
Lauren M. Macksoud (*pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
(212) 768-5347
lauren.macksoud@dentons.com

*and*

Andrew C. Helman (admitted *pro hac vice*)
DENTONS BINGHAM GREENEBAUM LLP
One City Center, Suite 11100
Portland, ME 04101
(207) 619-0919
andrew.helman@dentons.com

*Counsel for the Official Committee
of Unsecured Creditors*

9

## CERTIFICATE OF SERVICE

I, Andrew C. Helman, being over the age of eighteen and an attorney with Dentons Bingham Greenebaum LLP, in Portland, Maine, hereby certify that on April __, 2024, I filed the *Expedited Motion for Entry of an Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Avoidance Claims on Behalf of the Debtors* with the Court's CM/ECF system, which sent notice to all parties receiving notice in this case through the Court's CM/ECF system.

Date: April 19, 2024

*/s/ Lauren M. Macksoud*
Lauren M. Macksoud (*pro hac vice*)
DENTONS US LLP
1221 Avenue of the Americas
Ste. 25th Floor
New York, NY 10020
(212) 768-5347
lauren.macksoud@dentons.com

10